UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case 1:24-cv-23934-FAM

RENZO BARBERI,

    Plaintiff,

v.

J.F. AUTO PARTS SERVICE, LLC a
Florida Limited Liability Company d/b/a
PISTON GARAGE CAR CARE CENTER,
MARLIN ROAD CONDOMINIUM
ASSOCIATION, INC., a Florida Not for
Profit Corporation, and ELVIN NOEL
Sanchez, an Individual,

    Defendants.

_____/

## ANSWER TO COMPLAINT

**COMES NOW,** Defendant, J.F. AUTO PARTS SERVICE, LLC, d/b/a PISTON GARAGE CAR CARE CENTER, hereinafter referred to as "JF", by and through their undersigned counsel, hereby files their answer and affirmative defenses to Plaintiff's Complaint D.E. 1, and as grounds state:

### Jurisdiction

1.     It is admitted that this Honorable Court has original jurisdiction over this action. All other allegations or inferences are denied.

### Venue

2.     Paragraph 2 is admitted.

**Parties**

3.     Defendant, JF is without knowledge regarding Plaintiff, therefore cannot admit nor deny. JF denies that Plaintiff was unable to inquire about services because of allegation discriminatory barriers. All other allegations and inferences are denied.

4.     Defendant, JF is without knowledge therefore cannot admit nor deny Paragraph 4. All other allegations and inferences are denied.

5.     JF is without knowledge whether or not MARLIN ROAD, and SANCHEZ are authorized to conduct business in the state of Florida. It is admitted that J.F. is authorized to conduct business in Floria. It is denied that JF is the lessee and/or operator of the entire 18728 SW 107th Avenue, Cutler Bay, FL 33157. JF is without knowledge as to the other allegations in paragraph 5, therefore, cannot admit or deny. All other allegations and inferences are denied.

**Claims: Violations of the Americans with Disabilities Act**

6.     Paragraph 6 re-adopts and re-alleges the previous allegations in paragraph 1 through 5 of the complaint; therefore, no response is required. All other allegations and inferences are denied.

7.     Paragraph 7 recites information regarding the effective date of Title III of the ADA and therefore no response is required. All other allegations and inferences are denied.

8.     Paragraph 8 (i)-(v) recites law found in 42 U.S.C. §1210(a)(1)-(3), (5), (9) and therefore no response is required. All other allegations and inferences are denied.

9.     Paragraph 9 (i)-(iii) recites law found in 42 U.S.C. §12101(b)(1)(2) and (4), and therefore no response is required. All other allegations and inferences are denied.

10.    Paragraph 10 recites law found in 42 U.S.C. §12181(7) and 28 CFR §36.104, and Title III, therefore, no response is required. It is admitted that Piston Garage Car Center is an

establishment that provides goods and services to the general public. All other allegations and inferences are denied.

    11.    Denied.

    12.    JF is unaware whether or not Plaintiff visited their location, therefore, cannot admit or deny. All other allegations and inferences are denied and JF demands strict proof of Plaintiff visiting their location. Denied that Plaintiff suffered an injury in fact.

    13.    Denied that Plaintiff shall suffer a future injury if Plaintiff returns and enjoys the services of the facility. JF is unaware of Plaintiff's intentions to return to the subject facility and whether the subject facility is close in proximity to Plaintiff's residence therefore cannot admit or deny. Paragraph 13 is denied to the extent that Defendant's failed or refused to provide people with disabilities with full and equal access to their facility. Paragraph 13 is denied to the extent that Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are allegedly in violation of the ADA.

    14.    Paragraph 14 recites mandates of 42 U.S.C. §12134(a), therefore no response is required. All other allegations and inferences are denied.

    15.    Paragraph 15 is denied.

    a.  Paragraph 15(a) is denied.

    b.  Paragraph 15(b) is denied.

    c.  Paragraph 15(c) is denied.

    d.  Paragraph 15(d) is denied.

    e.  Paragraph 15(e) is denied.

    f.  Paragraph 15(f) is denied.

    g.  Paragraph 15(g) is denied.

      h. Paragraph 15(h) is denied.

      i. Paragraph 15(i) is denied.

      j. Paragraph 15(j) is denied.

      k. Paragraph 15(k) is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 recites 42 U.S.C. §12101 et. seq. and 28 C.F.R. §36.304 for which no response is required. JF denies the remaining allegations in paragraph 18. All other allegations and inferences are denied.

19. JF is without knowledge to whether or not Plaintiff hired The Advocacy Law Firm, P.A., therefore cannot admit or deny. JF admits that 42 U.S.C. §12205 contains an attorney's fees provision.

20. Paragraph 20 recites 42 U.S.C. §12188 for which no response is required. All other allegations and inferences are denied.

## COUNT I – DECLATORY RELIEF

21. JF re-adopts and re-alleges all answers contained in Paragraphs 1 through 20 above, and further respond as follows.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

The unnumbered paragraph after paragraph 24 and before paragraph 25 is a WHEREFORE clause. JF denies that Plaintiff is entitled to judgement, and denies the subject facility is in violation of Title III of the ADA. All other allegations and inferences are denied.

## COUNT II – INJUNCTIVE RELIEF TO REMOVE ARCHITECTURAL BARRIERS

25. JF re-adopts and re-alleges all answers contained in Paragraphs 1 through 20 above, and further respond as follows.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

The unnumbered paragraph after paragraph 28 and before paragraph 29 is a WHEREFORE clause. JF denies that Plaintiff is entitled to judgement, and denies the subject facility is in violation of Title III of the ADA. All other allegations and inferences are denied.

## COUNT III – INJUNCTIVE RELIEF TO MODIFY POLICIES, PRACTICES AND PROCEDURES

29. JF re-adopts and re-alleges all answers contained in Paragraphs 1 through 20 above, and further respond as follows.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

The unnumbered paragraph after paragraph 32 and before paragraph 33 is a WHEREFORE clause. JF denies that Plaintiff is entitled to judgement, and denies the subject facility is in violation of Title III of the ADA. All other allegations and inferences are denied.

## COUNT IV – INJUNCTIVE RELIEF TO MAINTAIN COMPLIANCE

33. JF re-adopts and re-alleges all answers contained in Paragraphs 1 through 20 above, and further respond as follows.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

The unnumbered paragraph after paragraph 37 and before the signature block is a WHEREFORE clause. JF denies that Plaintiff is entitled to judgement, and denies the subject facility is in violation of Title III of the ADA. All other allegations and inferences are denied.

JF denies all allegations in the Complaint except for those allegations specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1. J.F. AUTO PARTS SERVICE, LLC asserts as its first affirmative defense that the removal of the alleged barrier is not readily achievable.

2. J.F. AUTO PARTS SERVICE, LLC asserts as its second affirmative defense that the requested modifications would impose an undue burden on the defendant.

3. J.F. AUTO PARTS SERVICE, LLC asserts as its third affirmative defense that J.F. AUTO PARTS SERVICE, LLC provided access through readily achievable alternative methods such as customer service.

4. J.F. AUTO PARTS SERVICE, LLC asserts as its fourth affirmative defense that the removal of the alleged barriers would fundamentally alter the nature of the J.F. AUTO PARTS SERVICE, LLC public accommodation. 42 U.S.C. §12182(b)(2)(ii).

5. J.F. AUTO PARTS SERVICE, LLC asserts as its fifth affirmative defense that issues identified in the complaint are not in violation of Title III of the ADA in the sense that they allow disabled person access to the subject facility.

6. J.F. AUTO PARTS SERVICE, LLC asserts as its sixth affirmative defense that the Plaintiff, RENZO BARBERI lacks standing to bring this action as he is not a qualified individual with disabilities under the ADA.

7. J.F. AUTO PARTS SERVICE, LLC asserts as its seventh affirmative defense that the alleged violations are outside their control and are contractually prohibited from modifying or altering their store location.

J.F. AUTO PARTS SERVICE, LLC reserves the right to amend and allege additional affirmative defenses as the cases progresses and discovery is conducted.

**WHEREFORE,** having fully answered the Complaint herein, and having raised affirmative defenses against Plaintiff's Complaint, Defendant J.F. AUTO PARTS SERVICE, LLC requests this honorable Court to dismiss this instant action, and Defendant, J.F. AUTO PARTS SERVICE, LLC be awarded reasonable attorney's fees and costs incurred by Defending this action.

## ATTORNEY FEES

J.F. AUTO PARTS SERVICE, LLC has retained the undersigned firm to represent them in this instant action and is obligated to pay a reasonable fee associated with the defense of this

action. In the event Defendant, J.F. AUTO PARTS SERVICE, LLC, prevails on any or all of Plaintiff's claims, Defendant, J.F. AUTO PARTS SERVICE, LLC, is entitled to recover a reasonable attorney's fee, including litigation expenses and costs pursuant to 42 U.S.C. § 12205.

Respectfully submitted,

**DAMMOUS LAW PLLC**
14100 Palmetto Frontage Rd
Suite 370
Miami Lakes, FL 33016
Phone: (833) 326-6687

By: */s/ Elee Dammous*
Elee Dammous, Esq.
elee@dammouslaw.com
Florida Bar No. 1044043
Attorney for J.F. Auto Parts
Service, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished by e-mail to all counsel of record, including Ronald Stern, Esq., from The Advocacy Law, ronsternlaw@gmail.com as a result of filing through the CM/ECF Portal on this 7th day of November 2024.

By: */s/ Elee Dammous*
Elee Dammous, Esq.