UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23934-FAM

RENZO BARBERI,

    Plaintiff,

v.

J.F. AUTO PARTS SERVICE, LLC, a
Florida Limited Liability Company d/b/a
PISTON GARAGE CAR CARE
CENTER, MARLIN ROAD
CONDOMINUM ASSOCIATION, INC.,
a Florida Not For Profit Corporation,
and ELVIN NOEL SANCHEZ, an
Individual,

    Defendants.
_____/

## DEFENDANT MARLIN ROAD CONDOMINIUM ASSOCIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, MARLIN ROAD CONDOMINIUM ASSOCIATION, INC. (hereinafter "Defendant") by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff, RENZO BARBERI's (hereinafter "Plaintiff") Complaint, and states as follows:

### JURISDICTION

1. The Defendant admits that this Court is vested with original jurisdiction, however, the Defendant denies any liability for the claims alleged against it in the Complaint.

### VENUE

2. The Defendant admits that venue is proper, but denies the remaining allegations.

## **PARTIES**

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Denied as phrased.

## **CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 5 above as if fully stated herein.

7. The allegations set forth in paragraph 7 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

8. The allegations set forth in paragraph 8 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

    i. The allegations set forth in paragraph 8(i) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

    ii. The allegations set forth in paragraph 8(ii) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

    iii. The allegations set forth in paragraph 8(iii) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

    iv. The allegations set forth in paragraph 8(iv) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

    v. The allegations set forth in paragraph 8(v) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

9. The allegations set forth in paragraph 9 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  i. The allegations set forth in paragraph 9(i) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  ii. The allegations set forth in paragraph 9(ii) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

  iii. The allegations set forth in paragraph 9(iii) of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

10. The allegations set forth in paragraph 10 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

11. Denied.

12. Denied.

13. Denied.

14. The allegations set forth in paragraph 14 of the Plaintiff's Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

15. Denied.

  a. Denied.

  b. Denied.

  c. Denied.

  d. Denied.

  e. Denied.

  f. Denied.

  g. Denied.

      h.      Denied.

      i.      Denied.

      j.      Denied.

      k.      Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant admits that the Court has the authority to grant Plaintiff's injunctive relief, but denies Plaintiff's entitlement to the same.

## COUNT I – DECLARATORY RELIEF

21. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 20 above as if fully stated herein.

22. Denied.

23. Denied.

24. Denied.

## COUNT II – INJUNCTIVE RELIEF TO REMOVE ARCHITECTURAL BARRIERS

25. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 20 above as if fully stated herein.

26. Denied.

27. Denied.

28. Denied.

## COUNT III – INJUNCTIVE RELIEF TO MODIFY POLICIES, PRACTICES AND PROCEDURES

29. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 20 above as if fully stated herein.

30. Denied.

31. Denied.

32. Denied.

### COUNT IV – INJUNCTIVE RELIEF TO MAINTAIN COMPLIANCE

33. Defendant re-adopts and re-alleges the responses to the allegations in paragraphs 1 through 20 above as if fully stated herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### AFFIRMATIVE DEFENSES

1. The Defendant affirmatively states that the Plaintiff failed to mitigate his damages or meet conditions precedent to bringing this suit, including, neglecting to provide the Defendant with notice of the deficiencies alleged in the Complaint and an opportunity to cure the deficiencies before instituting a lawsuit.

2. The Defendant affirmatively states that the Plaintiff has demanded modifications to the facility in question that would cause the Defendant an undue hardship.

3. The Defendant affirmatively states that the requests demanded by the Plaintiff are either not readily achievable, not reasonable, not required, and/or not technically feasible.

4. The Defendant affirmatively states that the Plaintiff sought access to Defendant's premises not for the purpose of obtaining the goods and services therein, but as a "tester" of compliance with the ADA and for the purposes of gathering evidence for the prosecution of this action, and any agreements with his counsel for the payment of attorney's fees are contrary to Florida law and his claim for attorney's fees should be denied. *See* Rodriguez v. Investco, LLC, 305 F. Supp. 2d 1278 (M.D. Fla. 2004).

5. The Defendant affirmatively states that at all times material hereto it has made a good faith effort to comply with requirements of the American With Disabilities Act and Defendant has reasonable grounds to believe its actions and/or inactions are in compliance with all applicable statutes.

6. The Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to it during the course of discovery.

**WHEREFORE**, the Defendant requests all relief to which it is entitled, including attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    COLE, SCOTT & KISSANE, P.A.
                                                    Attorneys for Defendant
                                                    Esperante Building
                                                    222 Lakeview Ave., Suite 500
                                                    West Palm Beach, Florida 33401
                                                    Telephone: (561) 383-9200
                                                    Facsimile: (561) 683-8977

                                                    By:   */s/ Justin C. Sorel*
                                                              JUSTIN C. SOREL
                                                              FBN: 0016256

**SERVICE LIST**

Ronald E. Stern, Esq.
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., #757
Hallandale Beach, FL 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
E-Mail: ronsternlaw@gmail.com


Elee Dammous, Esq.
DAMMOUS LAW
14100 Palmetto Frontage Road
Suite 370
Miami Lakes, FL 33016
Telephone: (833)326-6687